IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL FRISCHENMEYER,**

                      **Petitioner,**

         **v.**                                     **CASE NO. 05-3455-SAC**

**STATE OF KANSAS, et al.,**

                      **Respondents.**

**O R D E R**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. 2254, filed pro se by a prisoner incarcerated in a Texas correctional facility. The court has reviewed petitioner's limited financial assets and grants petitioner leave to proceed in forma pauperis in this habeas action.

Petitioner challenges the validity of an unexecuted probation violation warrant issued by the State of Kansas and lodged as a detainer against petitioner in Texas. Having reviewed petitioner's allegations, the court finds this action is subject to being summarily dismissed.

Petitioner was convicted in Kansas in November 1991 pursuant to his plea of guilty to six counts of making a terroristic threat. The sentencing court imposed six consecutive sentences of one to five years, and placed petitioner on probation for a one year period. Kansas issued a probation violation warrant in May 1992, based on a letter petitioner allegedly wrote to the victim in violation of the terms of petitioner's probation.

Following petitioner's conviction in Texas in 1994, Kansas filed the unexecuted probation violation warrant as a detainer against petitioner in 1995.

Court records disclose that petitioner filed an earlier 2254 petition in the District of Kansas to challenge the Kansas detainer as denying petitioner his right to a speedy trial. *See* Frischenmeyer v. Foulston, Case No. 98-3281-DES. Noting petitioner's failure to fully exhaust state court remedies on such a claim, and the procedural bar to any further state review, the court dismissed the petition. The Tenth Circuit Court of Appeals dismissed petitioner's appeal. *See* Frischenmeyer v. Foulston, Appeal No. 98-3174.

Petitioner now cites his recent discovery of DNA testing conducted in 1992 on the letter sent to the victim, and argues this recent discovery and the DNA test result undermines the validity of the outstanding 1992 probation revocation warrant. Petitioner indicates he thereafter sought relief in the state district and appellate courts without any success.

On this understanding of the limited facts in the petition, the court finds this action should be dismissed.

Arguably, this is petitioner's second or successive habeas action to challenge the legality of the Kansas detainer. Petitioner claims he requested and paid for DNA testing in 1992, but did not discover until thirteen years later that such testing had been done. He also claims the reported absence of any DNA evidence on that letter proves he did not send the letter. These bare claims are insufficient to avoid dismissal of the

2

petition under 28 U.S.C. § 2244(b)(2)(B)(i)-(ii), which requires a showing of petitioner's due diligence, as well as clear and convincing evidence of petitioner's innocence.[1]

Also, to the extent petitioner claims he now has exculpatory evidence relevant to whether his probation on his 1991 Kansas convictions should be revoked pursuant to the 1992 warrant, his opportunity to present such evidence arises when the State of Kansas executes the outstanding probation violation warrant. Petitioner identifies no violation of federal law or impairment of his constitutional rights that results from the continuation of the unexecuted Kansas warrant as a detainer during petitioner's service of his Texas sentence. *See* Moody v. Daggett, 429 U.S. 78, 89 (1976)(prisoner deprived of no constitutionally protected rights by issuance of parole violator warrant); McDonald v. New Mexico Parole Board, 955 F.2d 631, 633-34 (10th Cir. 1991)(until parole violation warrant lodged as detainer was executed, prisoner not entitled to the due process safeguards set forth in Morrissey v. Brewer, 408 U.S. 471 (1972)).

Accordingly, petitioner is directed to show cause why the petition for writ of habeas corpus should not be dismissed. The

---

[1] 28 U.S.C. § 2244(b)(2)(B)(i)-(ii) provides:
"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless...the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

failure to file a timely response may result in this matter being dismissed without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition for writ of habeas corpus should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 22nd day of December 2005 at Topeka, Kansas.

                                                 s/ Sam A. Crow
                                                SAM A. CROW
                                                U.S. Senior District Judge