```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**MICHAEL FRISCHENMEYER,**

                      **Petitioner,**

          v.                                          **CASE NO. 05-3455-SAC**

**STATE OF KANSAS, et al.,**

                      **Respondents.**

### O R D E R

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner is a Texas prisoner serving a Texas state sentence. He challenges the validity of an unexecuted probation violation warrant lodged as a detainer against him by the State of Kansas. By an order dated December 22, 2005, the court directed petitioner to show cause why the petition should not be summarily dismissed or treated as a second and successive petition requiring authorization by the Tenth Circuit Court of Appeals to proceed in this court.

Having reviewed petitioner's response, the court finds the petition should be dismissed without prejudice.

Petitioner was convicted in Kansas in 1991 on six counts of making a terroristic threat, and placed on probation. In 1992, Kansas issued a probation violation warrant based on a letter petitioner allegedly wrote to the victim in violation of the terms of petitioner's probation. Kansas filed that unexecuted warrant as

a detainer against petitioner in 1995, following petitioner's 1994 conviction in Texas.

Petitioner now cites his January 2005 discovery of DNA testing conducted in 1992 on the letter sent to the victim, and argues this recent discovery of test results showing no matching "hit" for petitioner on the letter clearly undermines the validity of the outstanding 1992 probation revocation warrant.

Courts have routinely recognized that "the issuance of a detainer is an act of the state based on that state's laws and process, and the detainer, in effect, is a custodial hold of the issuing state. Therefore, § 2254 is the proper jurisdictional basis for a challenge to the validity of a detainer." Esposito v. Mintz, 726 F.2d 371, 373 (7th Cir. 1984)(quotations and citations omitted). Accordingly, petitioner filed both the instant petition, and a previous habeas petition challenging the same detainer on other grounds, under 28 U.S.C. § 2254.[1]

In that earlier habeas action, the court noted petitioner's failure to pursue a timely state court appeal on his speedy trial

---

[1] The court notes recent authority that suggests 28 U.S.C. § 2241 might be the more appropriate statutory basis for petitioner's action to the extent petitioner challenges the validity of the probation violation warrant lodged as a detainer that subjects petitioner to future revocation proceedings. *See e.g.,* Graham v. Brooks, 342 F.Supp.2d 256, 261 (D.Delaware 2004)(habeas petition filed prior to probation violation hearing in state court was essentially a pre-conviction federal habeas petition to be filed under 28 U.S.C. § 2241). If so construed, jurisdiction for petitioner's habeas action would remain proper in this court because petitioner is deemed to be in the custody of Kansas officials who lodged the detainer. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973).

challenge to the outstanding violation warrant, but dismissed the petition without prejudice based upon ambiguity in the record as to whether petitioner had a pending appeal before the Kansas appellate courts.  *See* Frischenmeyer v. Foulston, Case No. 98-3081-DES (D.Kansas April 27, 1998).  The Tenth Circuit Court of Appeals denied petitioner a certificate of appealability and dismissed petitioner's appeal.  *See* Frischenmeyer v. Foulston, Appeal No. 98-3174 (10th Cir. January 19, 1999).  The court thus finds the instant petition is not a second or successive petition for which petitioner would be required to obtain authorization by the Tenth Circuit Court of Appeals to proceed in this court.  28 U.S.C. § 2244(b)(1) and (3).  *See* McWilliams v. State of Colorado, 121 F.3d 573, 575 (10th Cir. 1997)("a habeas petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies does not qualify as a 'second or successive' application within the meaning of § 2244(b)(1)).

   Having reviewed petitioner's allegations, the court seriously questions whether they are sufficient to demonstrate that the custodial hold of the Kansas detainer violates the "Constitution or laws or treaties of the  United States," 28 U.S.C. § 2241(c)(3), as it is well established that a prisoner is deprived of no constitutionally protected rights by the issuance of a parole violator warrant.  Moody v. Daggett, 429 U.S. 78, 89 (1976).  Although petitioner cites the Kansas detainer as adversely impacting his ability to earn maximum good time credits against his Texas sentence, this does not establish any factual or legal basis for a

federal writ of habeas corpus to set aside a Kansas parole violation warrant that has not yet been executed.  *Compare* Carchman v. Nash, 473 U.S. 716 (1985)(holding the timely disposition of detainers under Article III of Interstate Agreement on Detainers does not apply to detainers based on probation-violation charges, notwithstanding recognized adverse impact of a detainer on a prisoner's confinement).

But more fundamentally, petitioner is not excused from exhausting state court remedies prior to seeking federal habeas corpus relief.  *See* Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(habeas petitioner is "generally required to exhaust state remedies whether his action is brought under Section 2241 or Section 2254."); Clonce v. Presley, 640 F.2d 271, 273-74 (10th Cir. 1981)(prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus").  *See also* 28 U.S.C. § 2254(b)(4)("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court is not to be granted unless it appears the applicant has exhausted state court remedies, or that such remedies are unavailable or ineffective under the circumstances."). If the new evidence cited by petitioner provides any grounds for demanding the execution of his outstanding parole violation warrant, then petitioner must first pursue such action in the Kansas state courts.  Because there is nothing in the record to indicate petitioner has done so, the court concludes the petition for writ of habeas corpus should be dismissed without prejudice.

Petitioner is advised that a certificate of appealability (COA) is required to appeal the final order and judgment entered herein. <u>Montez</u>, 208 F.3d at 867(state prisoner must obtain COA to appeal the denial of habeas petition filed under § 2254 or § 2241).

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 15th day of November 2006 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge